IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| B2Gold CORP., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-1202 |
| | ) |
| Philip Bryson Christopher, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On July 10, 2019, United States Magistrate Judge Ivan D. Davis entered a Report and Recommendation ("Report") in this case under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, filed by a Canadian corporation conducting mining in Nicaragua and one of its employees. The Report recommended that the plaintiffs' motion for default judgment be denied on Count I, violation of 18 U.S.C. § 1962(c), a substantive provision of RICO. Specifically, Judge Davis found that the plaintiffs failed to state a claim under 18 U.S.C. § 1962(c) because the plaintiffs failed to allege facts showing that the plaintiffs suffered a qualifying domestic injury. The Report also recommended that default judgment be granted on behalf of the plaintiffs on Count II, conspiracy to violate a substantive provision of RICO under 18 U.S.C. § 1962(d), and Count III, defamation *per se* under Virginia law, against three of the six defendants named in the complaint: Philip Bryson Christopher ("Christopher"), Flor De Mayo S.A., and Edwin Alfredo Kauffman Blandino ("Kauffman"). No objections to the Report were filed.

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 29) in part for the reasons that follow.

1

First, the Court **ADOPTS** the recommendation of the United States Magistrate Judge as to personal jurisdiction for the reasons given below. As the Report and Recommendation reflects, it is appropriate in some circumstances to rely on a theory of conspiracy to establish personal jurisdiction. The Fourth Circuit's decision in *Unspam Technologies, Inc. v. Chernuk* provides the governing standard for personal jurisdiction based on a conspiracy theory. *See* 716 F.3d 322, 329 (4th. Cir 2013). To succeed on a conspiracy theory of jurisdiction, the plaintiffs must make a plausible claim (1) that a conspiracy existed; (2) that the defendants participated in the conspiracy; and (3) that a coconspirator's activities in furtherance of the conspiracy had sufficient contacts with Virginia to subject that conspirator to jurisdiction in Virginia. *Id.*[1] Bare allegations of conspiracy fail to satisfy these requirements. *Id.* In *Unspam Technologies*, the Fourth Circuit affirmed the District Court, holding that the plaintiffs failed to prove the existence of a conspiracy. *Id.* at 329–30. In doing so, the Fourth Circuit neither reached the question of the defendants' participation in a conspiracy nor disputed the District Court's requirement that "a plaintiff must allege facts indicating that the defendant knew (or should have known) that a co-conspirator was acting in the forum state and had a reasonable expectation that it could be brought into that state." *See Project Honey Pot v. John Does*, 2102 WL 1854184, at *6 (E.D. Va. May 12, 2012), *aff'd sub nom. Unspam Technologies, Inc. v. Chernuk*, 716 F.3d 322 (4th Cir. 2013).

The Report concluded that personal jurisdiction existed over Defendants Christopher, Kauffman, and Flor De Mayo, S.A., but did not exist over Defendants AURUM S.A., Eduardo Ruben Gonzalez Lopez ("Lopez"), and Eduardo Ruben Gonzalez Guzman ("Guzman") because the plaintiffs failed to allege facts showing that these defendants knew of or should have known

---

[1] The Second Circuit has also employed the *Unspam Technologies* test. *See Charles Schwab Corp. v. Bank of America Corp.*, 883 F.3d 68, 87 (2d Cir 2018) ("We agree that *Unspam* sets forth the appropriate test for alleging a conspiracy theory of jurisdiction . . . . To allow jurisdiction absent a showing that a co-conspirator's minimum contacts were in furtherance of the conspiracy would be inconsistent with the purposeful availment requirement.").

2

of Defendant Christopher's acts within the forum state. Doc. 29 at 7-9. Although the Report did not cite the Fourth Circuit's decision in *Unspam Technologies*, the Report and Recommendation bases its result on a number of district court cases that require a defendant to know or have reason to know of a co-conspirator's actions in furtherance of the conspiracy in the forum state.[2] This result is consistent with the *Unspam Technologies* because the Fourth Circuit limited its examination to the existence of a conspiracy and did not reach the question of whether due process requires that a defendant know or have reason to know of a co-conspirator's acts in the forum state. Requiring a defendant to have such knowledge is sensible in light of the Supreme Court's admonition that the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales De Colom. v. Hall*, 466 U.S. 408, 417 (1984). Accordingly, the Court adopts the recommendation of the United States Magistrate Judge with respect to personal jurisdiction, namely that personal jurisdiction exists over Defendants Christopher, Kauffman, and Flor De Mayo, S.A., and does not exist over Defendants Guzman, Lopez, and AURUM S.A.

The Court **ADOPTS** the recommendation of the United States Magistrate Judge as to the denial of default judgment on Count I for failure to state claim under 18 U.S.C. § 1962(c) on the ground that the plaintiffs' complaint fails to allege facts that show a qualifying domestic injury. Harm caused to the plaintiffs' property in Nicaragua and increased security costs at the plaintiffs' shareholder meeting in Canada are not domestic injuries. *See RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2106 (2016). Although the plaintiffs allege facts showing that they incurred

---

[2] *See Verizon Online Servs., Inc v. Ralsky*, 203 F. Supp. 2d 601, 622 (E.D. Va. 2002); *Gemini Enters., Inc. v. WFMY Television Corp.*, 470 F. Supp. 559, 564 (M.D.N.C. 1979); *America Online, Inc. v. Ambro Enters.*, 2005 WL 2218433, at *3 n. 1 (E.D. Va. Sept. 8, 2005).

travel expenses and legal fees to obtain a protective order in Virginia state court, these costs do not qualify as an injury proximately caused by a defendant's RICO violation. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496-97 (1985); *see also Strates Shows v. Amusment of Am.*, 379 F. Supp. 2d. 817, 821-23 (E.D.N.C. 2005) (holding that no RICO injury occurred when a plaintiff's legal expenses were voluntary and not an "automatic" result of the defendant's RICO violation). The plaintiffs' conclusory allegations that the Defendants' RICO violations were intended to harm the corporation's share price and targeted American investors do not show a qualifying domestic injury. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court does not accept the recommendation of the United States Magistrate Judge as to the entry of default judgment on Count II, conspiracy to violate RICO under 18 U.S.C. § 1962(d), and Count III, defamation *per se* under Virginia law. Default judgment is denied with respect to Count II because the plaintiffs' failure to state a claim for a substantive violation of RICO precludes them from stating a claim for conspiracy to violate RICO under 18 U.S.C. § 1962(d). Section 1962(d) makes it unlawful for any person to conspire to violate the substantive RICO provisions, including § 1962(c). Plaintiffs alleging a civil RICO violation must allege an injury to "business or property by reason of a violation of section 1962" to have standing to sue. 18 U.S.C. § 1964(c); *Potomac Elec. Power Co. v. Electric Motor & Supply Co.*, 262 F.3d 260, 264 (4th Cir. 2001). A plaintiff's failure to state a substantive RICO claim under § 1962(c) forecloses any claim with respect to a conspiracy to violate § 1962(c). *GE Inv. Private Placement Partners II v. Parker*, c, 551 n. 2 (4th Cir. 2001); *see also Aggarwal v. Sikka*, 2012 WL 12870349, at *5 (E.D. Va., Jun 12, 2012). This Court adopts the recommendation of the Magistrate Judge with respect to Count I due to the Plaintiffs' failure to state a claim under § 1962(c) because the plaintiffs did not allege a

4

qualifying domestic injury. Doc. 29 at 23–25. Therefore, the plaintiffs' RICO conspiracy claim under 18 U.S.C. § 1964(c) necessarily fails because the plaintiffs lack standing to bring a civil suit under the RICO statute.

Supplemental jurisdiction exists over state law claims that share a common nucleus of operative fact with a claim that is within a district court's original jurisdiction. 28 U.S.C. § 1367(a). A district court may to decline to exercise supplemental jurisdiction over a state law claim following the dismissal of all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c). Trial courts "enjoy wide latitude" in making discretionary determinations about whether to exercise supplemental jurisdiction over state-law claims. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Among the factors relevant to this discretionary determination are "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Here, declining to exercise supplemental jurisdiction over the plaintiffs' state-law defamation claim is appropriate at this early stage in the case based on considerations of fairness to the parties and judicial economy. Because all of the defendants have defaulted, no discovery has occurred on the state law claim. *See Schreiber v. Dunabin*, 938 F. Supp. 2d 587, 601 (E.D. Va. 2013) (declining to exercise supplemental jurisdiction over a state-law claim in part because the parties had not yet engaged in discovery). The defendants' default also means that the Court has not invested significant time and resources into examining the merits of motions or overseeing discovery. *See Salim v. Dahlberg*, 170 F. Supp. 3d 897, 908 (E.D. Va.) (explaining the retention of supplemental jurisdiction in part based on judicial economy because the district court had already invested time into scheduling discovery and examining the merits of a motion to

dismiss). Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law defamation claim.

Accordingly, for the reasons stated above, it is hereby **ORDERED** that plaintiffs' motion for default judgment (Doc. 23) is **DENIED**.

The Clerk is further directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
August 26, 2019

/s/
_____
T. S. Ellis, III
United States District Judge